All the judges concurred, except H. R. SELDEN, J., absent.

Judgment affirmed, without costs of the appeal to either party.

---

## BRONSON *v.* TUTHILL.

### September, 1866.

*It seems,* that when it appears that a paper inquired for is in the possession of a person who is out of the State at the time of trial, secondary evidence may be offered of its contents; although no search has been made for it in the State. Such proof relieves the party from proving that diligent search has been made.

Where the evidence given in support of a defense is wholly insufficient, a new trial will not be granted for the errors in admission of evidence offered merely to rebut or avoid such defense.

Amos Bronson, as receiver of the Western Insurance Company, sued Daniel M. Tuthill and another, in the supreme court, on a premium note made by defendants; on insuring in the Western (Mutual) Ins. Co. One of the defenses set up was fraud on the part of the insurance company, in inducing defendants to make the note; to rebut which, plaintiff on the

Bronson *v.* Tuthill.

trial attempted to show that the authority of Gordon (the agent, who took the note), was limited, and was in writing.

The facts sufficiently appear in the opinion. Plaintiff had judgment, which was affirmed by the court at general term, which held that there was no evidence of fraud shown, and although the secondary evidence of Gordon's authority had been, the court held, improperly admitted, yet as that evidence was wholly immaterial, there was no cause for reversal. Defendants appealed to this court.

*Samuel Hand,* for defendants, appellants.—As to the deficiency of proof of assessment, &c., cited Thomas *v.* Whallon, 31 *Barb.* 172; Jackson *v.* Roberts, 31 *N. Y.* 304. As to the fraud of plaintiff's agent, Defiendorf *v.* Beardsley, 23 *Barb.* 656; Dana *v.* Munro, 38 *Id.* 528; Griswold *v.* Haven, 25 *N. Y.* 595.

*C. S. Cary,* for plaintiff, respondent.

BY THE COURT.—PECKHAM, J.—The precise facts in the case are not stated, except in connection with the objections urged by the appellants. It is insisted that the motion for a nonsuit should have been granted, because there was no proof of a proper notice of the assessment upon the note, no proof of publication thereof in a newspaper the proper time before the same should be payable, according to the by-laws, &c.

There was substantial proof of the proper publication, but the defendants made no objection, before the referee, to the sufficiency of the notice, and cannot therefore urge it here. It is also objected, that there was no sufficient proof of loss. The same answers can be given to this objection.

It is insisted that the referee erred in receiving "the affidavit" as evidence.

No pretense of any error affecting the judgment is shown in the case on that subject. What the affidavit was, nowhere appears. The affidavit and notice were offered together, and the objection as to both is equally inadmissible. Clearly the notice was competent. There was nothing secondary in the notice. It rests with him who alleges error affirmatively to

show it. The court, in the absence of all evidence, will not infer that any error was committed as to an affidavit not produced nor its contents stated.

It is urged that the referee erred in admitting secondary evidence of the contents of Gordon's written authority.

Gordon was the agent of the company to receive proposals for insurance, and the defendants insisted that he had defrauded them by false statements as to the condition and practice of the company, and thus procured the note in suit. The whole testimony on that subject was given by Tuthill, one of the defendants. He testified that Gordon said then that the company did not take any risks or insure any property in cities or large villages, nor upon property upon which machinery was operated with steam. Tuthill said that that was such a company as suited him, and accordingly gave the note. There was no evidence that at that time it had taken any such risks, and hence no proof that the statements of Gordon were untrue.

Upon this evidence the defendants rested their defense. The plaintiff then proved that Gordon was out of the State, and in Kentucky; that his authority from the company was in writing, delivered to him and never received back; that it was not in the company's hands, and the witness did not know where it was unless it was still in Gordon's hands. The only objection urged here (no ground of objection was stated before the referee), is that the evidence showed no basis for the admission of secondary evidence; that it was merely "stated that Gordon probably had it, and witness did not know where he was;" that "it showed no diligence, no attempt to recover the instrument."

The evidence was quite satisfactory that Gordon had the authority. It was proved to have been held by him. It was delivered to him, and he was the proper party to hold it. The proof also showed that he was out of the State. It is not urged that secondary evidence was inadmissible, if Gordon held the authority, and was out of the State; only, "*non constat*, but that five minutes' investigation might have secured its production." There was sufficient diligence proved, if diligence would avail. Under the proof no search would have

been of any service, except a search upon Gordon or among his papers. It was idle to search among the papers of the company. It was proved that the paper had not been returned to the company.

It seems to be impliedly conceded by the defendants' points and argument that if the proof showed, as I think it did, that Gordon still had the authority and was then out of the State, that then parol evidence of its contents was admissible. When a subscribing witness to an instrument is out of the State, proof of his handwriting is admissible. Perhaps the same principle might admit this proof. I do not deem it necessary to decide the question, and shall not discuss or examine it. Great injustice might be the consequence in some cases if such proof were not admissible.

In the case at bar it is enough to say that the defendants did not establish a *prima facie* case of fraud, although Gordon be deemed the agent of the plaintiff's company. There is not a word of proof that what he said was not true, or that he did not speak in perfect good faith; no proof that a single insurance had then been taken contrary to his representation. If, then, the defendants had established no defense, it is quite immaterial whether the plaintiff was guilty of any errors in an attempt to answer what called for no answer.

If Gordon had simply said that the company was responsible then, and there was no evidence in the case to the contrary, it would be no cause for a new trial that the plaintiff had committed any number of legal errors in the mode of proof attempting to show that Gordon had never said so, or, if he did, that the company was not responsible for the statement. The simple answer is, the statement was immaterial. I think the judgment should be affirmed.

All the judges concurred, except PORTER, J., of counsel, not voting.

Judgment affirmed, with costs.