Tucker *v.* Woolsey.

JAMES W. TUCKER and others, Appellants, *v.* EDWARD J. WOOLSEY and others, Respondents.

(GENERAL TERM, FIRST DEPARTMENT, DECEMBER, 1872.)

An agent sent from a foreign country with goods, in quantities for exhibition and sale, who produces letters from his principal to a correspondent of the latter at the place to which he is sent, asking assistance and advice for him in the prosecution of his business, has such apparent authority to hire suitable premises for storage of the goods as will justify the correspondent in renting such premises to him for the purpose, on the principal's account.

But no authority can be implied from these facts, which will authorize the advancement of money by the correspondent to the agent, on account of the principal, even after an advance made by him for duties on the goods has been approved.

Parol evidence is admissible of the contents of a letter, it appearing that the person in whose possession it is is out of the country.

THE action was brought to recover a balance of accounts claimed to be due from defendants to plaintiff. An accounting was had before the referee, and he holding that the defendants were not indebted in any sum upon such accounting reported dismissing the complaint with costs. From the judgment entered upon this report the plaintiff appealed. The facts relating to the questions raised upon the accounting sufficiently appear in the opinion.

*Francis C. Barlow,* for the appellants.

*William F. Shepard,* for the respondents.

Present—INGRAHAM, P. J.; LEARNED AND LEONARD, JJ.

Tucker *v.* Woolsey.

INGRAHAM, P. J.    The appeal in this case is from a judg-
ment before a referee, and applies to some items of an account
which must be separately considered.

The plaintiffs were merchants in Paris, and had accounts
and dealings with the defendants in New York.    They sent
an agent to New York to look for orders in their business.
They sent with him seven large trunks filled with goods, and
gave him a letter of introduction to the defendants, asking
for him their kind services as regards advice.    Another letter
was afterward sent, saying to defendants, "any assistance or
advice you may render him in the prosecution of his business,
will be appreciated."    Two letters were afterward written,
each asking defendants to advance the agent fifty dollars.    On
his arrival here, the agent called on defendants.    The defend-
ants advanced money to pay the duties.    This was approved
of by the plaintiffs.    The defendants then, at the request of
the agent, rented him an office in which to store and exhibit
his goods.    The plaintiffs deny the authority of the agent to
hire.    The referee allowed this item.    There can be no doubt
that the principal is liable for the act of his agent, so long as
he acts within the apparent scope of his authority.    The
agent came with seven large trunks filled with goods.    They
were for exhibition and sale.    Some place was necessary,
either by renting a room for the purpose or by hiring storage.
When the plaintiffs asked of defendants assistance and advice
in the prosecution of his business, they gave them reason to
suppose that such assistance and advice was in regard to the
care and disposition of the property he had to sell, and fur-
nishes ample grounds for supposing that the agent had
authority to provide a place in which the goods could be
stored and exhibited.    It was a matter absolutely necessary
for the care of the property of the plaintiffs, and fully justi-
fied the finding of the referee as to the item for rent.

Another item objected to on this appeal is as to moneys
advanced to the agent beyond the $100 authorized in the two
letters of the plaintiffs.    It is clear that no authority was
given to advance money to the agent for his expenses, and if

such items appeared in the accounts they should have been rejected.     The agent, as he sold the plaintiffs' goods, deposited the money with defendants, because he had no bank account.     As he would want to use it, he reserved the right to draw it as he had occasion.     There was no direction given that this money should be paid by the agent to the defend-ants.     They were justified in taking it as a special deposit, and in paying back that deposit to him as he from time to time required.     The defendants were under no obligation to hold it for the plaintiffs, and to the amount of moneys so received they are entitled to be credited for an equal amount refunded.     For any advances made beyond such deposits, and the sums specially ordered, there was no authority for the advance, and the same should be disallowed.

The very fact that the plaintiff did not authorize the advance of moneys to the agent for duties and expenses, leaves it to be supposed that the intent was that he was to use the moneys received by him for the sale of goods, as much as was necessary for his expenses, and justified the repayment by the defendants to the agent of the moneys he so deposited with them.

The remaining item is the money advanced for a passage ticket to return home.     The testimony shows that Dreux produced to defendants a letter from the plaintiffs, and which was read by Woolsey, and which stated that the defendants should furnish him with a return ticket.     The objection to this evidence was not well taken.     It was in proof that Dreux kept the letter, and that he was out of the country.     This was sufficient evidence to warrant parol proof of its contents. The denial by Andrews of having written such a letter, made it a question of fact for the referee, with which we cannot interfere.

Our conclusion, therefore, is that no error was committed by the referee, except in allowing for moneys advanced beyond the amount deposited with the defendants, and such excess should be deducted from the amount allowed to the

defendants, and the plaintiffs should have judgment for that sum, with interest.

If the defendants so consent, and file a stipulation that plaintiffs may have judgment for the amount of such excess and interest, the present judgment may be vacated and such judgment may be entered; if not, a new trial is ordered, costs to abide event.

Ordered accordingly.