ALEXANDER J. HOWELL, RESPONDENT, *v.* HENRY K. VAN SICLEN AND ANOTHER, EXECUTORS, ETC., APPELLANTS.

*Code,* § 399 — *incompetent evidence* — *new trial, when granted because of.*

In an action brought by the payee of a promissory note made by the defendants' testator, payment was pleaded as a defense. Upon the trial plaintiff having produced the note and proved its execution was asked, and, against the objections and exceptions of the defendants, allowed to answer the question, "Has it ever been paid?" No evidence of payment was given by the defendants. *Held,* that it was error, under section 399 of the Code, to allow the plaintiff to answer this question, and that the judgment should be reversed. (DAVIS, P. J., dissenting.)

Where a defendant may have been induced, by the admission of improper evidence, not to offer such evidence as he had to offer in defense, a new trial will be granted, notwithstanding the fact that the evidence given, after rejecting that found to be incompetent, is sufficient to sustain the judgment below.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*Geo. W. Van Siclen,* for the appellants.

*E. I. Spink,* for the respondent,

DANIELS, J. :

This action was brought to recover the amount of a promissory note, made by John S. Howell, the defendants' testator, payable to the plaintiff or order. The signature to the note was proved to be in the testator's handwriting, and no objection was taken to the evidence given for that purpose. It was produced by the plaintiff at the trial, and that circumstance added to the form of the note itself, sufficiently established the plaintiff's right to it to entitle him to recover upon it. Possession alone was presumptive evidence that he owned the note; and as it was made by the testator and had become due when the suit was commenced, the case upon his part was fully made out. (*Bedell* v. *Carll*, 33 N. Y., 581.) Nothing further was required, or lawfully could be in that state of the case, upon his part. But the plaintiff was asked, as a witness on his own behalf, whether he owned and held the note; which was objected to, as asking him to determine a question of law, and because he was incompetent to testify to any transaction between himself and the testator. The objections were overruled and the defendants excepted. The witness then answered that he was. Then he was asked whether it had ever been paid, and the same objections were repeated, which the referee overruled. To this decision the defendants again excepted, and the witness answered that it had not. The possession of the note by the plaintiff was presumptive evidence that it had not been paid; and he might very well have rested his case upon that circumstance, with the other proof that had been given in his favor. But he was unwilling to do that, and for that reason undertook to disprove payment of the note by the testator in his lifetime, which was one of the defenses alleged in the answer, and that too before any evidence on the subject had been given by the defendants. The referee allowed him to do it by his own statement as a witness in the case; which, as the action was against the executors of the other party, was not proper under section 399 of the Code. (*Dyer* v. *Dyer*, 48 Barb., 190; *Clarke* v. *Smith*, 46 id., 30; *Strong* v. *Dean*, 55 id., 337; *Barrett* v. *Carter*, 3 Lans., 68.) The only effect that this evidence could possibly have, under the issue, was to show that the testator, in his lifetime, had not paid the note; which, if true, proved that no such transaction, as was alleged in

the answer, had transpired. And as to that the plaintiff was not competent to give evidence. After it was allowed to be given the defendants may very well have considered it injudicious to endeavor to make proof of their defense of payment. They may have been able to produce sufficient evidence for that purpose alone, which would not at the same time also overcome the effect of the statement · improperly allowed to be made upon the same subject by the plaintiff as a witness in his own behalf. It cannot be held because it did not appear that they had no such proof to offer, although that may be the fact. They had a right to stand upon their exception, as long as it was well taken, for the purpose of having this illegal evidence excluded from the case, before they undertook to establish their defense. They were entitled to be relieved from the effect of that evidence, before they finally tried the fact of payment, in order that their own proof might not be impaired by its presence in the case.

The other exception cannot be sustained, for the plaintiff was competent to prove that he was the holder of the note. The question, as far as that, inquired only for a fact which was within the knowledge of the witness; and the referee rightly overruled the objections which were taken to that, as well as the other portion of the question propounded to the witness. But, upon the other point considered, the judgment should be reversed and a new trial ordered, with costs to the defendants, to abide the event.

BRADY, J.:

The plaintiff is the payee of a promissory note made by the defendants' testator, John A. Howell. A defense of payment was set up. The plaintiff became a witness on the trial, and was asked, " Are you the owner and holder of the note?" " Has it ever been paid?" and he was permitted to answer both questions against the objections and exceptions of the defendants. This evidence was not necessary for the success of his case. By proving payment he was anticipating the defendants' case, which might not have been made out, and adding to the strength of the presumption of non-payment from the possession of the note itself, his own affirmative declaration that it had not, in fact, been paid. When the defendants were to begin their defense, in consequence of this addi-

tional evidence they had not only to overcome the presumption, but the fact, and were thus subjected to greater peril. The allegation of payment might be established satisfactorily by facts and circumstances sufficient in themselves to warrant the conclusion to which they led, but not to destroy affirmative evidence like that given by the plaintiff. Was the question within the prohibition of the Code, section 399 ? It sought evidence of a transaction or communication between the plaintiff and the testator, and the most important transaction which they could have had in reference to the note, namely, its payment. The effect was to declare the existence of a contract made by the testator to pay, because if the note was not paid it was a subsisting liability. It will not do to answer that it was unnecessary to the plaintiff's case to make this proof, and that he could, therefore, succeed without it. It strengthened the plaintiff's case in face of the issues to be tried, and tended to prove what the plaintiff's case and the transaction really was. The word transaction means " the act of transacting or conducting any business negotiation ; management ; that which is transacted ; a proceeding ; an affair ; and, according to the civil law (Bouvier), the settlement of a suit or matter in controversy by the litigating of parties between themselves without referring it to arbitration." The payment of a note is a settlement, a proceeding, an affair between the maker and payee of a note, and, as already suggested in reference thereto, a very important transaction. I have no doubt that the question is within the prohibition referred to, and agree, therefore, with DANIELS, J., that the judgment should be reversed. The testator was the person, and the only person, it may well be presumed, who could have met the positive affirmation of the plaintiff, that the note was not paid, and the legislature did not intend that the estate of a deceased person should be placed in jeopardy by such a proceeding.

DAVIS, P. J. (dissenting) :

This action is upon a promissory note made by the defendant's testator, payable to plaintiff or order. On the trial the plaintiff produced the note and proved that the signature was in the testator's handwriting ; the note was read in evidence. This established on his behalf a clear right to recover. The plaintiff was called as

a witness on his own behalf, and was asked the question : "Are you the owner and holder of this note ? " The defendant objected to the question on two grounds : First. " That it is a question of law and calls for the decision of a question of law." And, second. " That the paper, in its form, shows a transaction between witness and deceased." These objections were overruled, and defendant excepted. The plaintiff answered : " I am." He was then asked the following question : " Has it ever been paid ? " To this question the same objections were made. The referee overruled the objections, and defendant excepted. The plaintiff answered : "No." The plaintiff rested ; and no evidence on the questions of payment, or the ownership of the note, was given on the part of the defendant, and the referee rendered judgment for the plaintiff for the amount of the note. The only question in the case is, whether it was a fatal error to allow the plaintiff to answer the questions above stated. In my opinion, it was not, for several reasons : First. The note was produced by the plaintiff and fully proved and read in evidence. This made a complete and perfect case on his behalf. The defendant had pleaded payment, but no evidence on that question tending to establish his plea was given or offered. The plaintiff's counsel, probably in anticipation that such evidence might be given, examined the plaintiff as to non-payment of the note. Assuming that the evidence on this question was incompetent and improperly received, it is altogether immaterial in the case presented to us. The plaintiff fully established his right to recover on the note, and if the evidence objected to be wholly stricken out of the case that right remains perfect. The defendant can not legally be said to have been injured by this evidence, because he made no proof whatever tending to establish the defense of payment. In such a case the court is not called upon to reverse the judgment, because the plaintiff, after fully making out his case by competent evidence, superadded some unnecessary and incompetent testimony on a subject which the defendant did not at all controvert on the trial. Second. The plaintiff was not incompetent to testify that he was, at the time of the trial, the owner and holder of the note. That fact did not necessarily involve a transaction between himself and the deceased. The question was in the present tense, and called only for the condition of things at that time. Neither of

the objections to that question was, therefore, well taken. To the question, "Has it ever been paid?" the objections were not, in my judgment, sufficient in form to raise the point insisted upon. The defendant stands on this appeal on the sheerest technicality. He may, therefore, be properly met by like technicality. His first objection, "that it is a question of law and calls for the decision of a question of law," is of no force. His second objection, "that the paper, in its form, shows a transaction between witness and deceased," though intended to raise the point that payment would be a personal transaction between witness and deceased, within section 399 of the Code, very plainly does not; and the court is not bound, for the purpose of overturning a judgment because the plaintiff gave cumulative and unnecessary evidence, to give any other construction to the objection than that which belongs to its exact language. The plaintiff was entirely competent to prove that the note had not been paid since the testator's death, or to give evidence that it had not been paid by any transaction between himself and any person other than the testator, because section 399 only excludes personal transactions between them. It was, therefore, incumbent on the defendant to have pointed his objection to any evidence tending to show non-payment by the testator, in his lifetime, directly by himself, or in any transaction which would be deemed personal within section 399 of the Code. It would be error, doubtless, to allow the plaintiff to give evidence that the testator had not paid the note by any personal transaction in his lifetime; but as the question covers the whole period before and since the testator's death, and the objection covers the same period, and as the question also covers transactions not personal with the deceased, and the objection embraces the same, it was, in strictness, no error to overrule the objection. Since the defendant did not give any evidence tending to prove payment, we can not assume that he had evidence which he could have given, but which he was prevented from giving because of the admission of the plaintiff's evidence. The case is one in which the defendant had pleaded payment, but on the trial abandoned that issue by making no efforts whatever to sustain his plea. He now insists, on appeal, that the plaintiff gave more evidence tending to show non-payment than he was obliged to, some of which was illegal; and although

enough of competent evidence to recover remains, rejecting the illegal, he insists on a new trial of an issue on which he held the affirmative, and yet gave no evidence. I think if there be any error in this case it is plainly one which caused no injury to the defendant, and falls within the established rule that the admission of incompetent evidence, which does not prejudice the defendant, is not error. (*Rowland* v. *Hegeman*, 1 Hun, 491; *Bronson* v. *Tuthill*, 3 Keyes, 32; *Murray* v. *Smith*, 1 Duer, 412; *Crary* v. *Sprague*, 12 Wend., 41; *Lowery* v. *Steward*, 3 Bosw., 505; *Belmont* v. *Coleman*, 1 id., 188; *Worrall* v. *Parmelee*, 1 Comst., 519; *Ashley* v. *Marshall*, 29 N. Y., 494.) I think the judgment should be affirmed.

Judgment reversed and new trial ordered, costs to abide event.