ROBERT WHITE, Respondent, *against* HENRY J. MEYER, Appellant.

(Decided January 7th, 1878.)

When the defendant, having been requested to become surety on a lease, stated to the plaintiff's agent that he wanted a clause inserted in the agreement of surety-ship, providing that he should have fifteen days' notice of non-payment, to which the agent agreed, and the defendant afterwards instructed his book-keeper to insert a clause providing that he should have notice within fifteen days after non-payment, and the book-keeper thereupon inserted a clause requiring "fifteen days' notice of non-payment, or proof of demand being made," and the defendant, without noticing that the clause was not drawn according to his instructions to his book-keeper, delivered the agreement, and the plaintiff thereupon put the tenant in possession of the premises, neither he nor his agent having any knowledge of what had passed between the defendant and his book-keeper:—*Held*, that there was no mutual mistake of fact which would warrant the reformation of the instrument, so as to make it require notice to the defendant within fifteen days after non-payment of the rent.

APPEAL by the defendant from a judgment of the Marine Court of the city of New York, entered upon a decision of the general term of that court, affirming a judgment of that court entered on the verdict of a jury directed at trial term. The action was brought against the defendant as surety on a lease made by the plaintiff to one Cochrane, to recover

White v. Meyer.

the rent due for December, 1875, and January, 1876. The defendant showed that no notice of Cochrane's default in payment of the rent had been given him until February 19th, 1876. The body of the agreement on which the defendant was sought to be held liable was as follows:

" In consideration of the letting of the premises above described, and for the sum of one dollar, I hereby become surety for the punctual payment of the rent and performance of the covenant of the above written agreement mentioned, to be paid and performed by John S. Cochrane; and if any default shall be made therein, I hereby promise and agree to pay unto Robert White, such sum or sums of money as will be sufficient to make up such deficiency, and fully satisfy the conditions of said agreement, requiring fifteen days' notice of non-payment, or proof of demand being made."

The defendant sought to show on the trial that it had been agreed between him and Roone, the plaintiff's agent, who had charge of the leasing, that it was agreed between them that the clause in the agreement as to notice should be for notice of non-payment of the rent within fifteen days thereafter, and sought to have the agreement reformed to express that. The evidence introduced for this purpose is stated in the opinion of Chief Justice DALY.

*B. F. Watson,* for appellant.

*Jeroloman & Arrowsmith,* for respondent.

LARREMORE, J.—As between the parties to this action no such mutual mistake was shown as would have authorized a court of equity to reform the contract. The mistake, if there were one, rested with the defendant and his own book-keeper. There was no attempt on the part of the plaintiff to mislead or deceive the defendant. The contract in question was left with him for examination and execution. He directed his book-keeper to make an alteration in it. That the latter was chargeable with an omission in the performance

of his duty in nowise affects the rights of a third party without knowledge of such fact. (*Goodrich* v. *Thompson*, 44 N. Y. 324; *Tucker* v. *Woolsey*, 6 Lans. 482; *Ripley* v. *Cochran*, 10 Abb. Pr. N. S. 52; *Whitlock* v. *Schuyler*, 44 Barb. 469.)

The defendant did not specify the questions of fact which he desired to submit, and his exception upon this point must be overruled. (*Winchell* v. *Hicks*, 18 N. Y. 558; *Barner* v. *Perine*, 12 id. 18; *Graser* v. *Stillwagen*, 25 id. 315; *O'Neil* v. *James*, 43 id. 84.)

The judgment should be affirmed.

ROBINSON, J., concurred.

CHARLES P. DALY, Chief Justice.—In connection with what Judge Larremore has said, I have but to add that after the lease was returned to the plaintiff with the clause "requiring fifteen days' notice of non-payment" inserted by the defendant's book-keeper, the plaintiff had a right to assume, no matter what may have been said before between him and the defendant, that that was what the defendant wanted, and it would be most unjust afterwards to allow the contract to be defeated by inserting *within* fifteen days after non-payment, when the plaintiff may not have given the notice within that time, under the belief that all that was required was that he should give the surety fifteen days' notice of the demand.

The foregoing opinion was delivered June 4th, 1877, and on a motion for a reargument the following opinion was filed, January 7th, 1878.

CHARLES P. DALY, Chief Justice.—To bring himself within the rule adopted in *Curley* v. *Tomlinson* (5 Daly, 283) and *Mount* v. *Mitchell* (32 N. Y. 702), the defendant's counsel claims that we have, by a misapprehension of the facts, overlooked a question decisive of the case. Before the opinions were written, in which the defendant's counsel, as he supposes, discovers this misapprehension, the evidence was carefully read. It has also been carefully reread upon this motion,

and the misapprehension of the facts has been on the part of the counsel, and not of the court. Neither Cochrane nor Roone testifies that Cochrane told Roone, the plaintiff's agent, that the defendant required a condition to be inserted that notice should be given to him *within* fifteen days after non-payment. The guaranty, as submitted to the defendant by Cochrane, contained these words: "Without requiring any notice of non-payment," and as so drawn, the defendant signed it. Cochrane testifies that the defendant said, he "wanted due notice if Cochrane did not pay the rent, but whether it was two weeks or fifteen days he could not recollect;" that he then went to Roone and told him, and bringing the instrument back to the defendant, told him that Roone was perfectly satisfied to make it fifteen days or two weeks. In a previous part of his testimony, he says that after he took the lease to the defendant the defendant said: "This must be altered. I must have fifteen days or two weeks' notice," and that he told the defendant that "he could make the alteration, and make it fifteen days or two weeks." The defendant left his book-keeper to make the alteration he desired, and the book-keeper altered the instrument by erasing the word "without," and by erasing the word "any," and interlining over it the words "fifteen days," so that it read, "requiring fifteen days' notice of non-payment." Cochrane, after expressing his belief that the defendant's book-keeper made the alteration in the instrument in the form in which it now is, says: "After, I went back to Meyer's office, and stated to him that Mr. Roone had no objection to *that*. I suppose I took the lease to my office, and when Mr. Roone called I gave it to him." The word "*that*" plainly refers to what was in the instrument, a condition requiring fifteen days' notice of non-payment; but the defendant's counsel puts his own interpretation upon the words, "Roone had no objection to *that*," which, he says, means the alteration which the defendant proposed, *within* fifteen days after non-payment of rent. We say it means the condition inserted in the instrument, of fifteen days' notice of non-payment, which is what Cochrane, from his testimony, understood to be what

the defendant required, and I may add, which must also have been the understanding at the time of the defendant's book-keeper when he made the alteration; and there is nothing in any part of Cochrane's testimony respecting *within* fifteen days from non-payment. Roone, the plaintiff's agent, testifies that when the instrument was brought back to him by Cochrane it was in the condition in which it is now; so that Judge Larremore was correct upon the evidence in saying, that if the book-keeper " was chargeable with an omission in the performance of his duty, it in no wise affects a third party without knowledge of such fact." And the counsel for the defendant has no foundation for his very positive assertion, that " the case nowhere presents a third party without knowledge,"—that " there is not a particle of evidence to that effect." The whole of the evidence is to that effect. It is, that all that was communicated to the plaintiff's agent was, that the defendant required fifteen days' notice of non-payment; and that when the instrument was delivered to him for his principal it contained a clause to that effect.

That it was the defendant's intention that the clause should be *within* fifteen days after non-payment, rests solely upon the testimony of the defendant and his book-keeper. They respectively testify that that was what the defendant said, and the defendant swears he said that to Cochrane; but it was not what Cochrane said to Roone, and it matters not how the fact may have been as to what passed between the defendant, his book-keeper and Cochrane, for neither the plaintiff nor his agent are chargeable with a knowledge of that. The agent was told by Cochrane that the defendant wanted two weeks or fifteen days' notice if Cochrane did not pay the rent; and when the instrument was brought to Roone altered from the form in which it was, both he and his principal had a right to assume that that was what the defendant wanted, and it would be most unjust to deprive the plaintiff of his remedy against the surety, without whose guaranty he would not have let the premises, because he, the plaintiff, did not comply with a condition which was not in

the instrument when it was returned to him, and of which he knew nothing.

It is sufficient to rest our decision upon this ground, and hold that the defendant was not entitled to the instruction he asked, that the jury, upon the uncontradicted evidence, should find for the defendant, because the instrument had been altered in a material respect without the defendant's consent. On the contrary, the plaintiff, upon the uncontradicted evidence, was entitled to a verdict, having let the premises upon the written guaranty which was delivered to him; and if it did not contain what the defendant meant it should it was through his omission and neglect, the consequence of which should not be visited upon the plaintiff.

The defendant, upon his own showing, signed the instrument first, and then left it to his book-keeper to see—I use his own language: " if there was a certain time in it—fifteen days." He says that he told Cochrane that " he wanted fifteen days' notice," and that it was then delivered to Cochrane. Again, he says that he told his book-keeper to put in " fifteen days' notice after the rent was due," which is very different from *within* fifteen days after the non-payment of rent, which is what the defendant says he told Cochrane, and which the book-keeper swears was what he was instructed by the defendant to do; but which, it appears from the instrument, he did not do. When the book-keeper's attention was called upon his cross-examination to the alteration in his own handwriting, he said that he did not know that this alteration was made until he saw the instrument when he was upon the witness stand; that he saw it a month after it was signed at the defendant's office, and did not notice then but what he had *worded* it according to the defendant's direction. He further testifies, that he made the alteration in Cochrane's presence, and then handed the instrument to Cochrane. That the defendant did not direct him to make the alteration as it appears in the paper; that he had already stated what the defendant did direct him to make; so that we have this witness distinctly remembering, long afterwards, on the trial, what the defendant did direct him to do, and when confronted

by his own handwriting unable to explain why he did not make the alteration as directed; in fact, swearing that when he saw the instrument afterwards he did not know that it was worded as it was. The whole of his testimony and that of the defendant, with the discrepancies in their respective statements, which I will not pause to point out, is a good illustration of the healthy rule which will not allow a written instrument to be varied or altered by oral testimony.

There has been no misapprehension of the facts by the court; and the statement submitted to show it may be said rather to be devoted to convincing us that we have misapprehended the law. We are thoroughly satisfied that the case was correctly decided; that there was no misapprehension of the facts or of the law, and the motion for reargument should be denied.

JOSEPH F. DALY, J., concurred.

Reargument denied.