Neither notice nor demand was necessary upon such a refusal of performance.

The judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

VAN HOESEN and BEACH, JJ., concurred.

Judgment reversed and new trial ordered, with costs to abide event.

---

THOMAS J. WATERS *et al.*, Respondents, *against* CHARLES C. MARRIN *et al.*, Appellants.

(Decided May 22d, 1884.)

Defendants, brokers carrying on business in the City of New York, were employed by plaintiffs to sell certain mining stock owned by the latter. There being no market for the stock in New York, defendants sold it through their agents in San Francisco, who borrowed a corresponding amount of the stock there to enable them to make delivery, as was customary in the business, and accounted to defendants for the proceeds of the sale. Plaintiffs, on receiving from defendants notice of the sale, delivered their stock to defendants. *Held*, that the proceeds of sale so received by defendants might be recovered from them by plaintiffs in an action for money received in a fiduciary capacity.

APPEAL from a judgment of the General Term of the Marine Court of the City of New York (now the City Court of New York) entered upon the verdict of a jury rendered by direction of the court and an order denying a motion for a new trial.

The action was brought for money alleged to have been received by defendants from the sale by them, as plaintiffs' brokers, of certain shares of stock of the Fairfax Mining Company, which were delivered by plaintiffs to defendants for that purpose at the City of New York, upon being notified of such sale. The stock was, in fact, sold by defendants at San Francisco, through agents there, and the stock needed for delivery upon the sale was borrowed for the purpose.

At the trial a verdict was directed for plaintiffs, and a motion by defendants for a new trial was denied, and judgment for plaintiffs was entered on the verdict. From the judgment and the order denying their motion for a new trial, defendants appealed to the General Term of the Marine Court. The opinion of McADAM, J., upon that appeal, which is referred to in the following opinion of CHARLES P. DALY, Ch. J., as correctly stating the facts of the case, was as follows:

"The transaction as established by the evidence amounts to substantially this: The defendants were employed to sell 500 shares of Fairfax Mining stock. They did so through the agency of others from whom they received the proceeds. The stock was subsequently delivered by the plaintiffs in consummation of the transaction. The plaintiffs thereby lost title to the stock, and in turn acquired title to the selling price, not necessarily the specific moneys received upon the sale, but to these or a like amount. The moneys received by the defendants were collected by them in the course of their agency, and they became the fiduciaries of the plaintiffs in respect thereto. Neither the peculiarity of the transaction, nor the means employed to consummate it, alter the cardinal fact that the plaintiffs reposed a trust

and confidence in the defendants, and that the relation formed was of a fiduciary character. The plaintiffs did not intend to make the defendants their debtors, nor was the idea of extending to them a credit for the money ever contemplated. The defendants were employed as brokers, and as such they accepted the plaintiffs' stock, on the understanding that upon delivering it they would receive the proceeds and turn them over to the plaintiffs. Although other stock of like character and amount may have been used in San Francisco to make the sale, the stock delivered by the plaintiffs was accepted by the defendants in substitution for that used, and in fulfillment of the sale, and hence must for all practical purposes be regarded as the same stock. The same result was reached and the same legal consequences follow as if the identical stock had been used. The mere form of the transaction does not alter its character. The defendants have neither returned the plaintiffs' stock nor the moneys conceded to have been received for it, and it is difficult to discover any legal foundation for the principle that the transaction has been transformed into one creating the ordinary relation of debtor and creditor. In the view we take of the case, the exceptions allowed during the trial become immaterial. It follows that the judgment must be affirmed, with costs."

In accordance with this opinion, the judgment and order appealed from were affirmed, and from this decision defendants appealed to this court.

*William J. Marvin* and *Henry C. De Witt,* for appellants.

*J. Woolsey Shepard,* for respondents.

CHARLES P. DALY, Chief Justice.—The facts of this case, as established by the evidence, are correctly stated in the opinion of Judge McADAM, and I agree in his conclusion upon the facts.

There is no ground in the evidence for the argument upon the appeal that this was part of a continuous trans-

action of debits and credits for the purchase and sale of stock. The evidence shows it to have been a distinct and independent transaction. The defendant Marrin testified that there had been ten or twelve transactions previous to this during the course of the year, nearly all of which it was necessary to carry out on the San Francisco Exchange. The plaintiff Waters testified that he may have had an interest in one other transaction in his name through the defendants; that he did not remember how many transactions of that kind he had, and that they were cash transactions. Further than this there is nothing to show what these transactions were, or that they were in any way connected with this one, or that they and this transaction were parts of a general running account of debits and credits.

The case of *McBurney* v. *Martin* (6 Robt. 502), cited by the appellant, is distinguishable from the present case. There the plaintiff's assignee had no stock to sell. He merely employed the defendant, a broker, to sell 2,500 shares of a certain stock as a speculation, the broker agreeing to borrow that amount of the stock to enable him to make a delivery, and to continue borrowing it until directed by the employer to buy a like amount, that the stock borrowed might be returned to the lender, and the employer putting into the broker's hands, he being responsible for the return of the stock, a certain sum of money to secure him against any loss that might arise in the meanwhile by an appreciation or fluctuation in the market value of the stock. The broker borrowed the stock, sold it and received the purchase money, which the employer agreed that he might retain as collateral security against any loss by an appreciation of the stock between the time of the sale of it and the time the broker was directed to buy a like amount to be restored to the lender. The ground relied upon as showing that this transaction was not one entered into by the broker in a fiduciary capacity was, that he had the right to retain the money deposited with him to protect an interest which he had of his own, he being personally liable for the amount of stock that was used in the speculation, which

made the transaction, as the court thought, one in which credit appeared to have been given to the pecuniary responsibility of the broker as the recipient of the money deposited with him, rather than any trust or confidence placed in his personal character.

In the present case, on the contrary, the plaintiffs owned the stock, which they employed the defendants to sell, and which they delivered to the defendants as their agents on the day when the plaintiffs received notice from the defendants that it had been sold. The fact that there was no market for it here, that it had to be sold in San Francisco, and a corresponding amount of the stock borrowed there by the defendants or their agent to enable them to make a delivery, did not change the fiduciary character of the transaction.

The borrowing of the stock, that delivery might be made immediately at the place of sale, was, as the evidence shows, customary in the business, and involved no interest on the part of the brokers, as in the case cited, which they had to protect, for they received the plaintiffs' stock here before the money came into their hands upon the sale in San Francisco, and having received the plaintiffs' stock and that money, it was a breach of the trust reposed in them not to pay it over to the plaintiffs, but to use it for their own purposes, and when the plaintiffs demanded it, to meet the demand by the statement that they had failed in business.

The judgment of the court below should be affirmed.

LARREMORE, J.—The complaint avers and the plaintiffs testified that they employed the defendants as brokers to sell upon commission 500 shares of the capital stock of the Fairfax Mining Company, which they did, received the proceeds thereof, for which they have not accounted after demand made, and for the amount thus received, less the commissions upon such sale, a judgment was sought.

The defendants, in their separate answers, admit the sale of 500 shares of such stock, that they had not accounted

for the proceeds thereof, and testified to a general credit and running account in this and similar matters between the parties.

The question in dispute is whether or not the defendants received such proceeds in a fiduciary capacity. They insist that the transaction involved in this litigation, as well as several previous dealings between them and the plaintiffs, were based and proceeded upon mutual business credit and a general running account, in which the defendants acted as principals, using their own credit for the benefit of the plaintiffs, who " well knew the customs and manners of said business." On the contrary, the plaintiffs proved that the transaction in question was special in character, and claimed that a fiduciary relation was established by the evidence.

Throughout the trial the main question involved was that of a fiduciary relation between the parties, and the defendants should have asked the court to submit that fact to the jury by a specific request; this they failed to do.

The request that it go to the jury was not sufficiently specific to render the exception available ( *O'Neil* v. *James*, 43 N. Y. 84; *White* v. *Meyer*, 7 Daly 430).

For this reason I concur with the Chief Justice that the judgment appealed from should be affirmed.

BEACH, J., concurred.

Judgment affirmed.