EMELIE R. SEIDENSPINNER, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

1. EVIDENCE — INSURANCE — ADMISSION.    In an action on a policy of life insurance, evidence of the payment to the insured by associations to which he belonged, of sick benefits at times previous to his application for the policy in suit, is not objectionable on the ground that receipt of benefits is not sufficient proof of sickness to contradict statements in the application, but it is competent as an admission of the fact of sickness.

2. SAME — BREACH OF WARRANTY.    Evidence of the payment of sick benefits to the insured prior to the time of his application for the life policy in suit is admissible to show breach of warranty in the application, although inconclusive and not the best evidence.

3. APPEAL — OBJECTION.    An objection to the admission of evidence not made at the trial cannot be invoked on appeal to uphold the erroneous exclusion of such evidence and sustain the judgment.

4. EXCEPTION.    Counsel's admission that testimony offered by him and erroneously excluded on the ground that it was not the best evidence, was not such evidence, does not deprive him of his exception where he did not intend to mislead the court into an erroneous decision, but merely to admit that there were in existence witnesses whose testimony would be of a higher value than the documentary evidence he was offering.

*Seidenspinner* v. *Met. Life Ins. Co.,* 70 App. Div. 476, reversed.

(Argued April 8, 1903; decided May 1, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department entered March 17, 1902, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court and an order denying a motion for a new trial.

This action was brought to recover upon a policy of life insurance.    The facts, so far as material, are stated in the opinion.

*Seward A. Simons* for appellant.    The court erred in excluding evidence of the sickness of the insured prior to the time the application was made.    (*Dwight* v. *G. L. Ins. Co.,* 103 N. Y. 341; *Cook* v. *Barr,* 44 N. Y. 156; *Smith* v. *Nat. B. Society,* 123 N. Y. 85; *B. L., etc., Co.,* v. *Knights Tem-*

*plar,* 126 N. Y. 450; *Helwig* v. *M. L. Ins. Co.,* 132 N. Y. 331; *People* v. *Fitzgerald,* 156 N. Y. 258 ; *Ruppert* v. *B. H. R. R. Co.,* 154 N. Y. 90; *People* v. *Harris,* 136 N. Y. 429 ; *Schultz* v. *Hoagland,* 85 N. Y. 467 ; *Demings* v. *Sup. Lodge,* 131 N. Y. 522.)

*Moses Shire* for respondent.

PARKER, Ch. J.     We think a new trial should be granted in this action because of error in refusing to receive evidence offered by defendant tending to establish that insured was sick at other times than those mentioned in his application for insurance.

The application was made in April, 1900, and in answer to the direction to "give full particulars of any illness you may have had since childhood," insured said : "In 1895 injured knee by a fall ; one month in 1899 a cold — not confined to home." A further inquiry was : "When were you last confined to the house by illness ?" and to it he answered : "In 1895, as above."

Defendant attempted to show that these answers were not true ; that insured was at the time of his application and for a long time prior in poor health, suffering from a chronic disease, which resulted in his death in October following. It proved that at the time of the application insured was a member of four benefit associations, Wuerttemberger Suavia Benevolent Association, Wuerttemberger Swaben Benevolent Association, the Foresters, and the Odd Fellows ; that the by-laws of each of these associations provided for the payment of certain sums weekly during the sickness of a member ; that the by-laws of the first association provided that payments should be made only in case the member demanded them ; that with a claim the member must submit a certificate of a physician ; that the committee on sickness must visit a sick member weekly and report whether he was worthy of support, and that the president must visit him on the day of the meeting and report how the committee had fulfilled its duty. It proved by the secre-

tary of the second association that he knew Seidenspinner, the insured, and had in his possession an application of Seidenspinner for sick benefits. The witness produced the paper and then said : "That is the Doctor's certificate. \* \* \* There is a printed form in which Seidenspinner signs his name asking the association to pay him money because he was sick."

When the treasurer was examined he said : "I have been treasurer since the organization was organized — it is 10 or 11 years. I have the treasurer's books of the organization. They show the amounts paid out by me for sick benefits for the last 5 years. \* \* \* I can tell by looking over the book if I paid any sick benefits to Seidenspinner during the last 5 years. The first time I paid him in 1895. We paid him once $12 on the 7th of September, 1895, I guess." (It seems to be conceded that this payment covers the occasion referred to in his application, when he said he was suffering from an injury of the knee due to a fall.) "Q. (Defendant's counsel) Give us the next one." Plaintiff's counsel : "I object to this evidence as not being any proof that the man was sick. I object to any proof showing that this man committed any breach of warranty under these answers. Because people paid sick benefits does not prove the sickness at all. A man might be hoaxing them or fooling them. You can't tell. It is no proof of his illness." The Court : "I think you ought to be confined to the best evidence which you can give." Defendant's counsel : "That compels us to go to the people who are the antagonists of this defendant in this law suit." Plaintiff's counsel : "That is not the fault of the Court." Defendant's counsel : "I do not think it is the best evidence of his illness. I think it is close myself. What does your Honor hold? The Court : I think I will exclude it." Defendant's counsel : "An exception."

The witness was also the treasurer of the Foresters' Association, and he having stated that he had the treasurer's books with him, defendant's counsel asked : "And those show the amount in the same way paid for sick benefits to this man for the last five years?" Plaintiff's counsel : "I object to that."

Defendant's counsel: "I want to make an offer in regard to the Foresters." The Court: "The same disposition will be made of that as the other." Defendant excepted and asked the witness: "Can you tell as a member of the Foresters — treasurer — how much money was paid to this man for sick benefits?" Plaintiff's counsel: "I object on the ground it is no proof any money was. Q. Was there any money paid to him for sick benefits?" Plaintiff's counsel: "I object on the ground it is not competent evidence of his sickness. The Court: He may answer that question." Plantiff's counsel: "He can state money was paid him. Q. Was money paid to this man, Gottlieb Seidenspinner, in his lifetime by the Foresters? A. Yes, sir. Q. Do you know how much without referring to your books? A. I couldn't tell particularly. Q. Can you refresh your recollection by looking at your books? A. Yes, sir. Q. Now, have you the books here of the Foresters? A. Yes, sir." Defendant's counsel: "Now, I will offer to prove by the witness the amount of money paid during his lifetime previous to the time of the application, and at various dates for sick benefits." The Court: "The same disposition of it will be made." Defendant's counsel: "I except."

The objection of plaintiff's counsel was that this evidence would not tend to prove that Seidenspinner was sick at the times sick benefits might have been paid to him. But this view loses sight of the fact that payment of benefits in pursuance of the by-laws of the various associations to Seidenspinner amounted to an admission by him that he was sick at the time he received the benefits.

Many cases are to be found in the books where even a failure to make answer to a statement made in the presence of a party affected by it has been held to amount to an admission. Discussion of that question may be found in the following cases: *Gibney* v. *Marchay* (34 N. Y. 301, 305); *M'Kee* v. *People* (36 N. Y. 112, 115); *Kelley* v. *People* (55 N. Y. 565, 571); *People* v. *Koerner* (154 N. Y. 355, 374); *People* v. *Kennedy* (164 N. Y. 449, 456); *People* v. *Smith* (172 N. Y. 210,

233). In some of these cases it was held that the silence of the party affected amounted to an admission on his part, while in others it was held that it did not, the test generally applied being, Was the situation such as to call upon him to speak ? But in this case it was shown that such benefits were not paid without demand — in at least one instance — and a physician's certificate and other safeguards were required, which necessarily gave to such a transaction, resulting in an actual receipt of money by Seidenspinner, an admission by him that he was so ill as to entitle him to the benefits which the associations to which he belonged paid to those only who were sufficiently ill to need them. Plaintiff's objection, therefore, did not justify the ruling of the court.

The court seemed to entertain the opinion that the question was open perhaps to another objection — that it was not the best evidence — for, ignoring the objection of the plaintiff's counsel, it addressed itself to the defendant's counsel as follows : " I think you ought to be confined to the best evidence which you can give." We are not sure that we understand precisely what was in the mind of the court when it made that statement, but in the light of the rejoinder of defendant's counsel — " That compels us to go to the people who are the antagonists of this defendant in this law suit "— it would seem as if it were the view of the court that more conclusive evidence upon the subject could be produced, and ought to be. But it is not true as a rule of law that evidence is incompetent because it is inconclusive. It is ordinarily admissible if the fact sought to be proved is itself relevant to the issue, and if the proposed evidence legitimately tends to establish it. (*People* v. *Gonzalez*, 35 N. Y. 61.) The evidence of the attending physician might have been more satisfactory perhaps to the presiding judge, but that could have been excluded on the objection by plaintiff's counsel that it was not admissible under section 834 of the Code. Plaintiff, the wife of insured, was by reason of her intimate and daily association with him able to tell all about his condition, but her interest as a beneficiary made it somewhat hazardous from

a practitioner's standpoint to call her for that purpose, thus subjecting himself to the general rule that one who calls a witness vouches for his truth. So defendant's counsel naturally turned his attention in other directions for evidence to establish that Seidenspinner had, previous to his application, been in poor health, and it found competent evidence tending to support its claim, which it was entitled to have presented to the jury for consideration, in connection with any other evidence bearing upon that issue.

We do not find that the Appellate Division disagreed with the position we have taken, but it said : " We think, however, if it should be assumed that such evidence was competent that by his questions and offer he did not make it sufficiently clear that such evidence, if admitted, would have indicated sickness.at other dates than those admitted in the application, to present error." It seems to us that, in view of the character of the objection of plaintiff's counsel and the position taken by the court, defendant cannot be deprived of the benefit of its exception in the way suggested. When the objection came defendant's counsel had already proved the payment of a sick benefit for the year 1895, the only time when the applicant was confined to his house according to his statement in the application, and then the question was: " Give us the next one " (meaning the next payment for a sick benefit); and the objection made was not that it did not sufficiently appear that the evidence proposed would cover some other periods than the two mentioned in the application, but that the evidence offered was valueless as it did not tend to prove any sickness on the part of the insured. That was the only objection made by plaintiff's counsel. The objection suggested by the Appellate Division never having been made at the trial — where it could and doubtless would have been overcome by the broadening of the offer of defendant's counsel — cannot now be invoked to sustain a judgment which possibly resulted from the exclusion of competent testimony. (*Cary* v. *White*, 59 N. Y. 339, 340.)

We do not think the counsel for defendant should be

deprived of his exception because he acquiesced in the suggestion of the court that it was not the best evidence of illness. If the object and effect of his statement was to mislead the court for the purpose of securing to himself a ruling of more value than the testimony, the court would have been right in depriving him of the advantage he sought, but in view of the evidence introduced by him and the controversy which took place between counsel and court, it is impossible, I think, to reach that conclusion. A number of witnesses were called who were officers of various associations, for the purpose of proving the provisions of their constitutions and by-laws relating to payments of sick benefits, all of which seems to us to have been done to lay the foundation for the introduction of the testimony which the court finally excluded, whether upon the objection of counsel that it did not tend to prove sickness of the insured or upon the view of the court that it was not the best evidence, the record does not exactly advise us, but whichever ground the ruling went upon, it was error. The rule covering the admission of best and secondary evidence had no application whatever to the testimony which the defendant sought to introduce, and the answer of the defendant's counsel — which we have quoted — indicates that, however much he may have been surprised by the suggestion of the court, it did not occur to him that that rule was being invoked by the court, but rather that in view of the court the trial ought not to be prolonged by the introduction of this evidence tending to show illness when the facts were in the possession of physicians, members of the family, and perhaps others having personal acquaintance with insured. For it will be remembered the counsel's suggestion was in effect: If you take that position you compel us to get our evidence from our antagonists. So when he said that the evidence he offered was perhaps not the best evidence of illness, he showed that he was regarding the court's suggestion as meaning that there was evidence of a higher value than he was offering ; and his admission meant no more than that, and, therefore, should not be held to have deprived him of all right to the competent and forceful evi-

dence which he was attempting to introduce for consideration by the court and jury.

The judgment should be reversed and a new trial granted, with costs to abide the event.

GRAY, O'BRIEN, MARTIN, VANN, CULLEN and WERNER, JJ., concur.

Judgment reversed, etc.