## Mayer Rosenbaum, Respondent, *v.* Sender Podolsky, Appellant.

(Supreme Court, Appellate Term, First Department, December, 1916.)

Documents — exemplification of — jurisdiction — Code Civ. Pro. §§ 956, 962.

Trial — in action upon bill of exchange — pleading — judgments — when new trial granted.

Though section 956 of the Code of Civil Procedure provides permissibly for the exemplification of documents from foreign jurisdictions nothing therein, by section 962 of said Code, prevents the proof of a document according to the rules of the common law or by any other competent proof.

Where in an action upon a bill of exchange the answer pleads as a separate defense a simultaneous agreement in writing by which it was provided that the bill of exchange should be given solely for the purpose of securing plaintiff against the diversion by defendant of certain moneys invested in a business in which both were about to engage, and where on the trial defendant undertook to prove such agreement and it developed that two copies had been executed and were " with the court in Panama " and a third copy, unsigned, was in the office of the defendant in the city of Panama where said business was to have been conducted, and when plaintiff was asked to explain how it came to be there his objection to the question was sustained and it also appeared that defendant had served upon plaintiff a notice to produce the contract and all attempts of defendant to give parol evidence of the contents thereof were met with objection of plaintiff's counsel, which the court sustained, a judgment in favor of plaintiff, entered upon a verdict by direction of the court, will be reversed and a new trial granted.

Appeal by defendant from a judgment of the City Court of the city of New York in favor of plaintiff, entered upon a directed verdict.

Francis P. Pace, for appellant.

Horace London (Samuel H. Golding, of counsel), for respondent.

Misc.]      Supreme Court, Appellate Term, December, 1916.

BIJUR, J. Plaintiff sued on a bill of exchange accepted by defendant. The answer set up as a separate defense that by an agreement in writing made simultaneously with the bill of exchange it was provided that the latter should be given solely for the purpose of securing plaintiff against defendant's diverting certain sums invested in a business in which plantiff and defendant were about to engage. When defendant undertook to prove the terms of the agreement, it developed that two copies had been executed and a third copy made but not signed. The latter was in the office of the defendant in the city of Panama (where the business was to have been conducted) and plaintiff's and defendant's signed copies respectively were "with the Court in Panama." When plaintiff was asked: "How does it come to be there, just explain," etc., plaintiff's objection was sustained. Defendant was, however, permitted to prove that on the day when this case was put on the commercial calendar, namely, June 6, 1916, he had cabled to his lawyer in Panama: "I urge you to send me immediately Rosenbaum's contract, otherwise copy duly legalized by the Judge and American Consul." At the time of the trial, June 26, 1916, no contract, original or copy, had been received in response to this cablegram although a vessel from Panama had arrived the day before. All attempts of the defendant to give parol proof of the contents of the contract were met with objection of plaintiff's counsel, which were sustained by the court, and the direction of a verdict followed.

It was shown at the trial also that defendant had served upon plaintiff an adequate notice to produce the contract. In excluding the testimony, the learned court below said: "You desire under your notice to produce to offer secondary evidence of that document,

and the court holds that you may not do so, in view of the fact that section 956 of the Code of Civil Procedure provides for exemplification in such cases, and the only other method of proving that contract or agreement, whatever it may be, was to issue a commission and take the deposition of the custodian and if that failed either to produce an exemplified copy or issue a commission and take proof of the contents by the custodian. The court will exclude this witness from testifying to the contents of the paper to all of which you may have an exception." In this ruling the learned court erred. Section 956 of the Code of Civil Procedure is manifestly permissive, and section 962, entitled " saving clause," expressly provided that nothing in the preceding sections, including 956, " prevents the proof of a  *  *  *  document  *  *  * according to the rules of the common law or by any other competent proof."

The respondent apparently concedes that the ruling is erroneous in so far as it is based on section 956 by making no argument whatsoever to support it. His reliance is on a series of cases which, except in one instance, do not bear upon the question at issue at all. The single exception is *Turner* v. *Yates,* 16 How. (U. S.) 14. In the decision in that case at page 26, speaking of an invoice in the possession of certain consignees in London, Eng., the court said that as the plaintiff was an agent of those consignees they might be regarded either as parties or as third persons, and continued: " If as parties, *they were entitled to notice to produce the paper;* if as third persons, their depositions should have been taken, *or some proper attempt made to obtain it.*" From this respondent would have us draw the inference that where a document to be used as evidence is in a foreign jurisdiction, no proof of its contents may be given other-

wise than by production of the original or the taking of a deposition. Although in my opinion the reference to a deposition in the *Turner* case was quite casual, nevertheless, both of the alternatives to the absence of which the court therein referred had been satisfied by the defendant in the case at bar. The plaintiff had received notice to produce his original of the contract, and the defendant showed that he made a reasonable attempt to obtain his own original.

It is not necessary for a determination of this case to decide whether the bare absence in a foreign jurisdiction of a document is sufficient to permit parol testimony as to its contents, though a number of decisions in this jurisdiction seem to go nearly to that length. *Patten* v. *Park,* Anth. N. P. 46; *Matter of New York Ex. Co.,* 2 Month. Law Bul. 62; *Tucker* v. *Woolsey,* 6 Lans. 482; *Bronson* v. *Tuthill,* 1 Abb. Ct. App. Dec. 206, 209 (arguendo); *Holthausen* v. *Pondir,* 55 N. Y. Super. Ct. 73; affd., 120 N. Y. 622. See, also, *Burton* v. *Driggs,* 20 Wall. (U. S.) 125, 135.

Respondent's counsel seemed upon the argument of this appeal to be impressed with the consideration that failure of the defendant to prove inability to procure the document after reasonable effort had been the result of the objection of respondent's counsel himself. He then presented the argument, not urged in his brief, to the effect that even if parol proof had been made admissible, the mere *copy* of the signed agreement admittedly under defendant's control (although in his office at Panama) should have been produced as the "best secondary evidence." Although the argument is plausible, it is apparent on a moment's reflection that proof of an instrument by proving a copy is merely one form of parol testimony as to its contents; and I am not aware of any rule of law that makes a distinction of grade in secondary

evidence. Its probative force will of course vary according to the quality of the proof, but if parol testimony is permissible it is competent; its character may be such as the party elects or finds possible, assuming of course always that it meets the other requirements relating to evidence generally. The same rule applies to primary evidence. *Seidenspinner* v. *Metropolitan Life Ins. Co.,* 175 N. Y. 95, 98; *People* v. *Gonzalez,* 35 id. 49, 61.

Guy and Shearn, JJ., concur.

Judgment reversed and new trial granted, with costs to appellant to abide event.